IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAUL CAIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 16-1073-LPS |
| | : | |
| STATE OF DELAWARE, et al., | : | |
| | : | |
| Defendants. | : | |

Paul Cain, Otero County Prison Facility, Chaparral, New Mexico, Pro Se Plaintiff.

**MEMORANDUM OPINION**

August 10, 2018
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Paul Cain ("Plaintiff"), filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] (D.I. 1) Plaintiff is incarcerated at the Otero County Prison Facility in Chaparral, New Mexico. He appears *pro se*, and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## II. BACKGROUND

Kristy L. Wilson ("Wilson"), a non-party, filed a petition to modify custody of Plaintiff's minor child from their joint custody to her sole custody. (D.I. 1) Plaintiff states that the custody dispute began because he refused to sign permission for a passport for the minor child. The minor child resides in Delaware. Plaintiff is a convicted sex offender, incarcerated in the State of New Mexico. Plaintiff explains that he was recently charged with failing to register as a sex offender and his parole was automatically revoked.

Plaintiff alleges that, with regard to the custody dispute, the laws of the State of Delaware have placed him in an untenable position that makes it impossible for him to produce documents required because the New Mexico Adult Parole Board is not allowed to disclose his files. Instead, a court must request the records. On December 3, 2015, the Family Court of the State of Delaware in and for Kent County granted Wilson sole legal and physical custody of the child. (D.I. 1 at Ex. Order for Modification of Custody)

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

The order notes there is a rebuttable presumption against unsupervised visitation, custody or residence of a child to a sex offender and that Plaintiff was not able to provide the necessary evidence to overcome the presumption. The order further notes that Plaintiff is appealing his conviction and, that if the conviction is overturned, the matter would be reviewed under the more lenient standard for modification of custody under Delaware law. (*Id.*) Plaintiff alleges that his parental rights were unconstitutionally severed. He seeks injunctive and declaratory relief as well as compensatory and punitive damages.

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a

"clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See*

*Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

It is clear in reading the complaint that Plaintiff's claim revolves around his dissatisfaction with the State Court's custody ruling. To the extent Plaintiff seeks review and rejection of the Family Court's decision, the claim falls under the purview of the *Rooker-Feldman* doctrine and, therefore, the Court cannot exercise jurisdiction.[2] In the alternative, to the extent the custody matter is on appeal, remains pending in State court, and has not yet reached final resolution, the Court must abstain by reason of the abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), which has been extended to civil cases and state administrative proceedings. *See Middlesex Cnty. Ethics*

---

[2]The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Because the doctrine divests the Court of subject matter jurisdiction, it may be raised at any time by the Court *sua sponte*. *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

*Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

In addition, the Court lacks subject matter jurisdiction to hear this type of dispute in the first instance. While the parties are diverse, the Court lacks diversity jurisdiction over cases involving domestic relations. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also Magaziner v. Montemuro*, 468 F.2d 782, 787 (3d Cir. 1972) ("Domestic relations is a field peculiarly suited to state regulation and control and peculiarly unsuited to control by federal courts.").

Based upon the foregoing, the Court lacks subject matter jurisdiction at least pursuant to the *Rooker-Feldman* doctrine and the domestic relations exception to federal diversity jurisdiction.

## V.   CONCLUSION

For the above reasons, the Court will dismiss the Complaint for want of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine and the domestic relations exception to federal diversity jurisdiction and, in the alternative, will abstain under the *Younger* abstention doctrine.[3]

An appropriate Order follows.

---

[3] Dismissal is also appropriate as the State of Delaware is immune from suit. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of kind of relief sought). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. Jan. 11, 2007). In addition, the complaint contains no allegations directed towards the unknown Attorney General. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*."). The Court notes that the Family Court order at issue indicates that both parties proceeded *pro se*.